# Estate of John Hill, Deceased.  Appeals of Carl Houpt, Gladys Ruth Houpt, Executors of Ida Hill.

*Decedent's estate—Distribution of personal property—Use of personal property subject to distribution.*

On an appeal from a decree of distribution, it appeared that the devisees of a farm took possession thereof, together with the stock, corn and hay thereon, which was the property of the estate and subject to sale for distribution.  The sale was delayed by proceedings

in the Orphans' Court. In the meantime the devisees fed the corn
and hay to the stock, worked the horses on the farm and sold or
consumed the hogs, butter, milk and eggs.

Under such circumstances, the corn and hay was not used for
the benefit of the estate and the devisees were properly charged,
in the distribution, with the value thereof.

Argued October 27, 1925.  Appeals Nos. 137, 138,
139 October T., 1925, by appellants from decree of O.
C. Franklin County, dismissing exceptions to adjudica-
tion in the Estate of John Hill, dec'd.  Before PORTER,
HENDERSON, TREXLER, KELLER, LINN and GAWTHROP,
JJ.  Affirmed.

Exceptions to adjudication.  Before GILLAN, P. J.

The facts are stated in the opinion of the Superior
Court.

The court dismissed the exceptions.  Exceptants ap-
pealed.

*Error assigned* was, among others, the decree of the
court.

*Walter K. Sharpe,* and with him *George W. Ather-
ton* and *John McD. Sharpe,* for appellants.

*Paul M. Crider,* of *Minehart & Crider,* and with
him *O. C. Bowers* and *William S. Hoerner,* for ap-
pellee.

OPINION BY PORTER, J., February 26, 1926:

These appeals are from a decree of distribution.
John Hill died leaving a will bequeathing, inter alia,
to these appellants "the farming implements and live
stock used in the farming of said farm," which farm he
devised to the appellants.  The residue of his estate
he directed to be sold and the balance, after payment
of debts, to be distributed among his children share
and share alike, the children of a deceased daugh-

ter, Mrs. Houpt, taking the share of their parent. Before the will was offered for probate, these appellants and the other legatees, on November 13, 1919, entered into an agreement, in the nature of a family settlement, the covenants of which provided that the will of John Hill should be set aside, that there should be paid to Ida S. Hill the sum of $500 for services rendered to the deceased; that a like sum should be paid to Carl Houpt for services rendered; that Ida Hill should receive the sum of $500 exemption allowed by the statute to the family with which the testator lived at the time of his death, and that the balance of the estate be divided between all the children share and share alike, Carl Houpt and Ruth Houpt taking the share of their deceased mother. These appellants subsequently attempted to repudiate this agreement which resulted in a contest of the probate of the will. The court held that the agreement did not supersede the will as to the disposition by the testator of his real estate, and admitted the will to probate, but these proceedings had caused long delay. When the account of the executor was filed an auditor was appointed to pass upon exceptions thereto and make distribution of the balance in the hands of the executor. Exceptions were filed to the report of the auditor and the court then held that the family agreement which had been entered into was valid as to the personal property and distribution must be made in accordance therewith. The farming implements and live stock used in the farming operations had been in the possession of these appellants during all this time, covering a period of several years. After the court had held that the personal property must be disposed of in accordance with the family agreement the executor sold the farming implements and live stock which had been upon the farm at the time of the death of testator, and the fund realized from that sale was charged against the executor when the matter was

referred back to the auditor for an amended report, and was included in the distribution made. Further testimony having been taken before the auditor, it developed that at the time of the death of the testator he had on hands corn and hay to the value of $1040; this these appellants, who were living upon and operating the farm had fed to the live stock, which was subsequently sold by the executor. The court held that these appellants must be charged, in the distribution, with this sum of $1,040, which ruling is here assigned for error.

The contention of the appellants is that as the corn and hay were fed to the live stock which was afterwards sold by the executor they ought not to be charged with the value of the corn and hay. They assert that the live stock was the property of the estate and had to be fed and that in feeding it they were benefiting the estate. The difficulty with this contention is that when they so used the corn and hay to feed the stock they were asserting that the stock was their own, notwithstanding the terms of the family settlement. The appellants were using the horses in the cultivation of their own farm and they were using or selling the milk and butter produced by the cows. There were at the time of the testator's death eighteen hogs upon the farm, which were fattened by the corn which appellants fed to them, which hogs were either sold or slaughtered and used by appellants, and appellants have not been charged in this distribution with any amount whatever on account of the fund realized by them from the sale of the hogs or for the value of the hogs which they consumed. None of the hogs came into the hands of the executor or were by him sold. There was no question as to the value of the hay and corn, nor was there any doubt that it was to be sold and the proceeds divided among all the children. This was so whether the distribution was to be made under

177,(1926).]          Opinion of the Court.

the will or under the terms of the family settlement. The hay and corn was the property of the estate, it had passed into the exclusive possession of these appellants and the evidence clearly indicated that they had used it for their own purposes and not for the benefit of the estate. The assignments of error are overruled.

The decree is affirmed and the appeals are dismissed at cost of the appellants.